# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

   v.                                      Case No. 03-CR-92

**ANTHONY SMITH**
    **Defendant.**

## DECISION AND ORDER

Defendant Anthony Smith moves for sentence modification under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The Commission lists the guideline amendments upon which a § 3582(c)(2) motion may be based in policy statement 1B1.10(c). See U.S.S.G. § 1B1.10 cmt. n.1(A).

In the present case, I originally sentenced defendant to 100 months in prison on crack cocaine charges. In imposing this sentence, I adopted an offense level of 29 (base level 32 based on a drug weight of 59 grams of crack cocaine, U.S.S.G. § 2D1.1(c)(4) (2003), minus 3 for acceptance of responsibility, § 3E1.1) and a criminal history category of IV, which produced an imprisonment range of 121-151 months. I then departed downward by 2 levels. See United States v. Smith, 311 F. Supp. 2d 801 (E.D. Wis. 2004).

The Sentencing Commission has since reduced base offense levels in crack cocaine cases by 2 levels and made the changes retroactive. See U.S.S.G. § 1B1.10(c) (2008) (amendments 706, 711 and 715). In defendant's case, this results in a revised base level of 30, U.S.S.G. § 2D1.1(c)(5) (2007), and a revised range of 100-125 months. Including the 2 level departure previously granted, the new range is 84-105. See U.S.S.G. § 1B1.10(b)(2)(B) ("If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate."). The government agrees that the Commission has lowered defendant's range, and it does not oppose a reduction to 84 months, as defendant requests in his motion. I find such a modification appropriate under 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10 cmt. n.1(B) and will reduce the sentence accordingly.

In a memorandum attached to his motion, defendant argues that I incorrectly determined his drug weight under U.S.S.G. § 1B1.3 and improperly sentenced him under the crack cocaine guideline.[1] However, a § 3582(c)(2) motion is not a proper vehicle for challenging such determinations. See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005); U.S.S.G. § 1B1.10(a)(3) & cmt. n.2. In any event, defendant's claims lack merit. See, e.g., United States v. Artley, 489 F.3d 813, 822 (7th Cir. 2007) ("In drug distribution cases, courts are instructed to calculate guideline ranges based not only on the charged drug amounts but also on the uncharged amounts 'that were part of the same course of conduct or common scheme or plan as the offense of conviction.'") (quoting United States

---

[1] It is unclear precisely what relief defendant seeks in this memorandum. In his motion, he seeks a reduction to 84 months, which I will grant.

v. Bullock, 454 F.3d 637, 641 (7th Cir. 2006)).  To the extent that defendant wants me to reduce the sentence further under the 18 U.S.C. § 3553(a) factors, I decline to do so.

**THEREFORE, IT IS ORDERED** that defendant's motion is **GRANTED** as stated herein.  A form order implementing this decision shall separately issue.

Dated at Milwaukee, Wisconsin, this 26th day of June, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

3
Case 2:03-cr-00092-LA   Filed 06/26/08   Page 3 of 3   Document 62