# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA
   Plaintiff,

 v.                Case No. 03-CR-92

ANTHONY SMITH
   Defendant.

## ORDER

In 2004, I sentenced defendant Anthony Smith to 100 months in prison followed by three years of supervised release on his guilty plea to distribution of crack cocaine. I later reduced the prison sentence to 84 months under 18 U.S.C. § 3582(c)(2), and defendant was released from prison to supervision on October 8, 2009. The probation office now seeks modification of defendant's supervised release conditions to add mental health treatment.

**I.**

Under 18 U.S.C. § 3583(e)(2), the district court may, after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7):

> modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision.

Federal Rule of Criminal Procedure 32.1(c) contains the relevant provision for modification, stating:

> (1) In General. Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation.
>
> (2) Exceptions. A hearing is not required if:
>
> (A) the person waives the hearing; or
>
> (B) the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and
>
> (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

In the present case, defendant objected to the addition of a mental health condition, so the court appointed counsel and held a hearing. On consideration of the arguments and evidence submitted, I will grant the request for modification.

## II.

The Bureau of Prisons arranged for defendant to undergo a mental health assessment before his release. The assessor diagnosed defendant with adjustment disorder with anxiety and depression, and defendant underwent mental health treatment from March to September 2009. The discharge report rated defendant's progress in treatment as "minimal" and concluded: "It would be extremely positive for Mr. Smith to have contact with a psychotherapist to help him and guide him as he reintegrates to his community, his wife, his family and attempts to get a job in this troubling time."

Because defendant did not have a mental health treatment condition, the supervising probation officer petitioned the court to add such a condition. The officer believes that defendant would benefit from such services but, as noted above, defendant refused to agree to a modification, stating that he does not believe he needs such treatment. At the

2

hearing, defendant noted that he holds two jobs, and that attending mental health treatment, in addition to the substance abuse treatment currently required, would strain his time. He suggested that mental health issues could be addressed through his current drug treatment. He further noted that he had incurred no violations. The probation officer responded that defendant's current drug counselor was not qualified to address mental health issues, and that it could be possible for defendant to obtain treatment for substance abuse and mental health from the same source. The government supported the probation officer's request as a reasonable means of ensuring defendant's reintegration into the community and of addressing his correctional needs.

I find the requested modification appropriate. The report from the Bureau of Prisons demonstrates that defendant has mental health treatment needs, and that further treatment will assist him in reintegrating into the community and avoiding further violations of the law. Defendant presented no evidence contradicting these conclusions. The condition is thus reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1), the history and characteristics of the defendant, and (a)(2)(B), (C) & (D), the need to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Requiring out-patient mental health treatment results in no greater deprivation of liberty than is reasonably necessary to satisfy these purposes, and such condition is consistent with the policy statements issued by the Sentencing Commission, see U.S.S.G. § 5D1.3(d)(5), and the conditions set forth in 18 U.S.C. § 3563(b). See United States v. Sines, 303 F.3d 793, 800 (7th Cir. 2002).

3

**III.**

**THEREFORE, IT IS ORDERED** that defendant's conditions are modified to add the following:

The defendant shall participate in a mental health treatment program and shall take any and all prescribed medications as directed by the treatment provider and participate in any psychological/psychiatric evaluation and counseling as directed by the supervising probation officer. The defendant shall pay the cost of such treatment as directed by the supervising probation officer.

Dated at Milwaukee, Wisconsin, this 15th day of January, 2010.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

4

Case 2:03-cr-00092-LA   Filed 01/15/10   Page 4 of 4   Document 67