# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.               **Case No. 03-CR-92**

**ANTHONY SMITH**
   **Defendant.**

## DECISION AND ORDER

On March 22, 2004, I sentenced defendant Anthony Smith to 100 months in prison followed by three years of supervised release on his guilty plea to crack distribution. On June 26, 2008, I reduced the prison term to 84 months on defendant's 18 U.S.C. § 3582(c)(2) motion. Defendant got out of prison and commenced supervised release on October 8, 2009. On November 13, 2009, the probation office petitioned the court to issue a summons for a hearing, asking that defendant's conditions be modified to include mental health treatment, a modification with which defendant did not agree. After a hearing, I issued an order adding the condition on January 15, 2010.

On October 31, 2011, defendant sent the court a letter asking for early termination of his supervised release. He indicated that he had finished two years of supervision with clear conduct, maintained steady employment, and stayed current on his child support. He further stated that he had done all that was asked of him, missed no visits, and submitted negative screens. I directed the government to respond, and it filed an opposition to the request. I afforded defendant a chance to reply, but he has not done so.

The district court may terminate a defendant's supervised release if (1) he has served

at least one year; (2) considering the pertinent sentencing factors in 18 U.S.C. § 3553(a), as well as the defendant's conduct, termination is in the interest of justice; and (3) the government is given notice and an opportunity to be heard. See 18 U.S.C. § 3583(e)(1); United States v. Medina, 17 F. Supp. 2d 245, 245 (S.D.N.Y. 1998). The first and third factors are satisfied in this case, but not the second.

Courts have concluded that the conduct of the defendant needed to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination. Instead, termination has generally been granted only in cases with a new or unforeseen circumstance, or where the defendant's behavior has been exceptionally good. See, e.g., United States v. Kay, 283 Fed. Appx. 944, 946-47 (3d Cir. 2008); United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005); Medina, 17 F. Supp. 2d at 246-47. Defendant presents no new or unforeseen circumstance in this case, and his conduct, while laudatory, cannot be deemed exceptional; the court expects offenders on supervision to work and follow the rules. Nor, given the nature of the offense and defendant's prior record, the need to protect the public and deter, and defendant's correctional treatment needs, can I find that early termination would be in the interest of justice.

**THEREFORE, IT IS ORDERED** that defendant's request for early termination (R. 69) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of January, 2012.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

2